**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<div style="display:flex;justify-content:space-between">

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

</div>

February 16, 2022

LETTER TO COUNSEL

    RE:    *Albert B. v. Commissioner, Social Security Administration*
             Civil No. SAG-20-3298

Dear Counsel:

      On November 13, 2020, Plaintiff Albert B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 13, 16, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Plaintiff filed his claim for benefits on April 20, 2018, alleging a disability onset date of June 30, 2017. Tr. 177-85. His claim was denied initially and on reconsideration. Tr. 97-101, 117-21. On February 27, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38-57. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-37. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

      The ALJ found that Plaintiff suffered from the severe impairments of "cervical spondylosis, diabetes mellitus, hypertension, asthma, obesity, hepatitis C, kidney disease, bipolar disorder, panic disorder, and personality disorder." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he can frequently stoop, kneel, crouch, crawl, and climb. He can have frequent exposure to pulmonary irritants, including fumes, odors, dust, and gas. He is able to perform simple, routine tasks, but no work at a fixed production rate pace. He can occasionally interact with the general public, co-workers, and supervisors.

*Albert B. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3298
February 16, 2022
Page 2

Tr. 20-21. The ALJ determined that Plaintiff was unable to perform past relevant work as a tire changer, lumber stacker, dishwasher, prep cook, and rock stacker/laborer, but could perform other jobs that existed in significant numbers in the national economy. Tr. 30-31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

Plaintiff raises three arguments on appeal, specifically that the ALJ erroneously: 1) failed to provide a sufficient RFC; 2) evaluated medical opinions contained in Plaintiff's record; and 3) evaluated Plaintiff's subjective complaints. ECF No. 13-1 at 10-23.

First, Plaintiff argues that the ALJ's RFC restriction to simple, routine tasks not at a fixed production rate pace is insufficient to address Plaintiff's moderate limitation in concentration, persistence, and pace. ECF No. 13-1 at 10-11. The Fourth Circuit remanded in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), because the hypothetical the ALJ posed to the vocational expert ("VE")—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In this case, the ALJ determined that Plaintiff had a moderate limitation in concentration, persistence, and pace because Plaintiff "contended that he has limitations in concentrating generally. On the other hand, [Plaintiff] said that he is also able to prepare simple meals, watch TV, and manage funds." Tr. 20. The ALJ explained that the evidence in Plaintiff's record supported the non-exertional impairments in Plaintiff's RFC, including the restriction to performing simple, routine tasks not at a fixed production rate pace, because:

> [Plaintiff] did not require any inpatient psychiatric hospitalizations or any emergency department visits for his mental impairments during the period at issue. He was consistently oriented with fair concentration and no memory impairments. He did frequently exhibit depressed and anxious mood. At times, his thoughts were circumstantial and preoccupied, but at other times they were spontaneous and appropriate. He did not exhibit any psychotic symptoms and he consistently denied current suicidal ideation.

Tr. 28. The ALJ does not offer further explanation regarding how the restriction to simple and routine tasks not at a fixed production rate pace would address Plaintiff's moderate limitation in

*Albert B. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3298
February 16, 2022
Page 3

concentration, persistence, and pace, particularly because he failed to specify the percentage of time Plaintiff's thoughts were "circumstantial and preoccupied." In fact, the ALJ himself found "persuasive" the medical opinion concluding that Plaintiff's "ability to complete a normal work day or work week without interruption from mood symptoms is likely moderately impaired." Tr. 29. Therefore, akin to the Fourth Circuit's finding in *Mascio*, the ALJ failed to explain how Plaintiff would be able to stay on task, even for simple and routine tasks not at a fixed pace, despite this moderate limitation.

Because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to: (1) properly evaluate several medical opinions; or (2) properly assess Plaintiff's subjective complaints. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is VACATED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge